IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| James Gauthier | | |
| individually | ) | |
| and on behalf of all persons | ) | |
| similarly situated | ) CASE NO 20 CV 5875 | |
| for the | ) | |
| members of the Collective as permitted | ) | |
| under the Fair Labor Standards Act; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| ATEKI LLC., | ) | |
| AND | | |
| Anthony D'Andrea | ) | |
| Individually | ) | |
| Under FLSA and IWPCA | ) | |
| As and Employer | ) | **JURY TRIAL DEMANDED** |
| | ) | **ON ALL COUNTS** |
| Defendants. | ) | |

## COLLECTIVE ACTION COMPLAINT

NOW COMES the Plaintiff, James Gauthier, individually and on behalf of all others similarly situated, as FLSA collective representative, by and through his undersigned counsel of record, upon personal knowledge as to those allegations in which he so possesses and upon information and belief as to all other matters, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), the Illinois Minimum Wage Law 820 ILCS 105/1 *et seq* (hereinafter "IMWL" ), The Illinois Wage Payment and Collection Act (IWPCA) and brings this cause of action against Defendant ATEKI LLC., (hereinafter "Ateki" or Defendant), and, Anthony D'Andrea individually as an "Employer" under the FLSA and IWPCA, and in so doing states the following:

**NATURE OF THE ACTION**

1.        Plaintiff, James Gauthier, alleges individually and on behalf of himself and other similarly situated current, former and future employees of the Defendant, (Hereinafter references to "Plaintiffs" are inclusive of both Individual Plaintiffs and those employees that are similarly situated to the Individual Plaintiffs) that they, under both federal and state wage laws, were mis-classified as an "independent contractor(s)" thus Defendants did not pay Plaintiff, nor the Collective Member minimum wages, overtime wages, and/or all owed wages due under the FLSA and/or Illinois Wage Laws and did not pay sufficient taxes, causing further losses to Plaintiff and class due to this additional tax burden.

2.        Plaintiff presents his claims as a FLSA Collective action under the FLSA and individual claims pursuant to FLSA, IMWL and IWCPA.

3.        As a result of the practices of Defendants described herein, Defendants failed to adequately compensate Plaintiff, as well as those persons similarly-situated to Plaintiff and who Plaintiff seeks to represent—including minimum and overtime wages as required by the FLSA.

**JURISDICTION AND VENUE**

4.        Plaintiff and those similarly situated seek a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

5.        Plaintiff seeks compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

6.      This Complaint also alleges causes of action under the statutes of the State of Illinois, that arise out of the same set of operative facts as the federal causes of action herein alleged; furthermore; these state causes of action would be expected to be tried with the federal claims in a single judicial proceeding.

7.      This Court has supplemental jurisdiction over those additional claims pursuant to 28 U.S.C. § 1367(a).

8.      The acts complained of herein were committed and had their principal effect, as described more fully below, within this District Court; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## JURISDICTION IS ESTABLISHED VIA ENGAGEMENT IN COMMERCE BY DEFENDANT

### DEFENDANT ATEKI IS AN ENTERPRISE THAT REGULARLY AND RECURRENTLY HAS AT LEAST TWO EMPLOYEES ENGAGED IN COMMERCE

### PLAINTIFF HIMSELF ENGAGED IN COMMERCE VIA SALES AND INSTALLATION OF EQUIPMENT FROM OUT OF STATE

9.      Defendant ATEKI is an enterprise that regularly and recurrently have at least two employees engaged in commerce.

10.      Defendant is an enterprise that regularly and recurrently have at least two employees engaged in commerce, this engagement in commerce includes but is not limited purchase of equipment and electric materials from out of state and installation of the same to the ultimate consumers within the state of Illinois as well as hosting websites for out of state entities and persons.

11.      Plaintiff also establishes Jurisdiction on an individual basis as he engaged in commerce, via installing, repairing or servicing items for the ultimate consumer, such as electrical systems, that traveled to Illinois from out of state.

12.      Defendant as an installer of "IT" systems, and hosts websites, including websites for entities from outside the state of Illinois.

13.      Defendant operates locations in multiple states, including Illinois, Pennsylvania, Indiana and Nevada, thus demonstrating engagement in commerce.

**JURISDICTION BASED ON GROSS SALES**
**DEFENDANT ATEKI GROSS SALES EXCEED $500,000**

14.      Defendant ATEKI is a corporation which operates in Illinois and other states of these United States.

15.      ATEKI sales exceed $500,000.00 each year for the last three years.

16.      Defendant ATEKI sales exceed $500,000 as shown by the following:

a.      ATEKI operates in four different states.

b.      ATEKI also operates a warehouse in Illinois.

c.      ATEKI employs about a dozen employees in its Illinois locations.

**PARTIES**
**A. Plaintiff**

17.      James Gauthier (hereinafter "Plaintiff") is a citizen and resident of Illinois. Plaintiff worked as an employee at Defendant's place of business located in the State of Illinois, within the area of this Division of this District Court.

18.      Plaintiff worked for the Defendants as a Level I and Level II Technician as well as Marketing employee.

19.     At all times relevant to this Complaint, Plaintiff, Collective were intentionally and improperly classified by Defendants as an independent contractors, but in reality they were an employees of Defendant subject to the requirements of the Fair Labor Standards Act, the Illinois Minimum Wage Act and the IWPCA.

20.     As a result of Defendant's intentional misclassification of Plaintiff(s), Plaintiff(s) were not paid overtime wages for hours over forty in a pay week.

21.     Plaintiff also is a victim of other wage violations, detailed below, and herein, that are also subject to the collective action.

22.     The Individual Plaintiff bring this action individually and as a representative on behalf of himself and all other employees who worked at Defendant's place of business within the three years immediately preceding the filing of this case), present or future, who suffered wage and hour violations as described above.

### B. Defendant ATEKI

23.     Defendant ATEKI Experts (ATEKI)., is a company located in Illinois and was Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Illinois Minimum Wage Act, IWML, for all relevant time periods.

24.     Defendant's physical location is at 684 W. Boughton Road Suite 100 Bolingbrook ILL 605440-1781.

25.     Defendant Anthony D'Andrea, owner of ATEKI, is listed on Defendant's website and other web listings, as Partner and Owner.

INDIVIDUAL DEFENDANT

26.     Anthony D'Andrea is named individually as an "Employer" under the FLSA, IMWL and IWPCA.

27.     Anthony D'Andrea (hereinafter "Individual Defendant") manages and controls the operation of the Defendant's business and dictates the employment policies of the Defendant including but not limited to the decision to classify the Plaintiff, and Collective persons as "independent contractors" (and/or lessees) and to pay those person no overtime wages.

28.     Individual Defendant made the decision to classify Plaintiff and collective members as "independent contractors", or keep the classification of the Plaintiff and the Collective as "independent contractors".

29.     As owner and manager of the Corporate Defendant, Anthony D'Andrea had the power to hire, fire and discipline employees.

30.     As owner and manager of the Corporate Defendant, Anthony D' Andrea caused the wage violations either by directly not paying overtime.

31.     Defendant Anthony D'Andrea owns and operates the corporate Defendant.

32.     Defendant Anthony D'Andrea has day to day control of operations of the Corporate Defendant, and was directly involved in the payment (and shortage) of wages to the employees via handling or overseeing the payroll and implementation of the denial of last check policy.

33.     Defendant Anthony D'Andrea was aware that each time Plaintiff and the collective worked over 40 hours, that Plaintiff and Collective were not paid overtime.

**CLAIM DETAILS**

## MISCLASSIFICATION AS AN "INDEPENDENT CONTRACTOR" AND AS AN EMPLOYEE

34.     Plaintiff was hired by Defendants in October of 2018 as an "Independent Contractor".

35.     Plaintiff worked for Defendant classified as an "Independent Contractor" from October of 2018 to December of 2019, when Defendant reclassified Plaintiff as an Employee.

36.     Defendants then reclassified Plaintiff as an employee in December of 2019 and Plaintiff worked as an Employee of Defendants until March of 2020.

37.     While working as an Independent Contractor, Defendants failed to pay overtime rate of pay for overtime hours.

38.     Defendants also did not pay proper taxes for the Plaintiff, (and collective) and thus Plaintiff incurred an increased tax burden, for which Plaintiff seeks recovery.

39.     Plaintiff was misclassified by Defendants based upon the five factor test described below, however, more significantly Plaintiff was reclassified as an Employee and none of the Plaintiff's job duties were changed, thus the duplication of duties and facts related to the work demonstrate that the Plaintiff was misclassified.

40.     Plaintiff's misclassification is presented pursuant to the FLSA, IMWL and IWPCA.

41.     As an Employee Plaintiff was also paid incorrectly pursuant to the FLSA and IMWL.

42.     Plaintiff provides the following specific factual claims:

43.     When Plaintiff was classified as an Employee, for Pay Period 03/08/20 to 03/14/20 for Check Dated 03/20/20 Check # 100 Plaintiff was paid 50.50 hours at a straight rate of pay, not paid overtime rate of pay for 10.50 hours of overtime.

44.     Defendant paid three different rates of pay, $18.00 per hour for office work, $10.00 per hour for travel time, and $22.00 per hour for wiring or installation time.

45.     Plaintiff while working as an employee also had to use his own vehicle, for which Plaintiff was not reimbursed.

46.     However, despite working over 40 hours, Defendant paid each portion of the work at a straight rate of pay, thus failing to pay the proper overtime rate.

47.     This is just one of many FLSA and IWML violations.

## FACTS SUPPORTING A FINDING OF MISCLASSIFICATION

48.     All actions by Defendant were willful and not the result of mistake or inadvertence.

49.     Plaintiff had no control over his work environment whatsoever.

50.     Defendants set the rules and had complete control over the venue, and Plaintiff had to obey these rules or risk everything, including loss of his job. This is the very hallmark of the economic dependence and control of an employer-employee relationship.

51.     Despite being on notice of its violations, Defendant chose to continue to misclassify Plaintiff and other members of the proposed collective and withhold all wages to them in effort to enhance their profits.

52.     Defendants knew that persons such as Plaintiff and collective were employees that should be paid under the law, and has simply chosen not to pay them.

53.     Evaluation of proper classification is a multiple part test, which the Defendants have not properly applied to Plaintiff in determination of their status, rather Defendants simply assumed incorrectly that the Plaintiff and other employees were independent contractors, simply because the Defendants declared them to be.

54.     The test for Employee/contractor is found in a US DOL Fact Sheet #13: Am I an Employee?: Employment Relationship Under the Fair Labor Standards Act (FLSA) (revised May 2014).

55.     The elements of this test demonstrate that Plaintiff and the class are not properly classified. The elements are as follows:

1) the extent to which the work performed is an integral part of the employer's business.

2) Whether the worker's managerial skills affect his or her opportunity for profit and loss.

3) The relative investments in facilities and equipment by the worker and the employer

4) The worker's skill and initiative.

5) The permanency of the worker's relationship with the employer.

6) The nature and degree of control by the employer

56.     Almost none of these factors are in Defendants' favor as alleged as follows:

1) the extent to which the work performed is an integral part of the employer's business.

The work of the Plaintiffs and Collective was an integral part of the employers' business. ATEKI's business is installing equipment and the Plaintiff and the

collective's work is solely related to that business: the Plaintiffs and class installed the equipment which are the key of the Defendants' business model.

2) Whether the worker's managerial skills affect his or her opportunity for profit and

loss.

For the Plaintiff and Collective there was no opportunity for profit or loss, the Plaintiff and class were paid hourly. While Plaintiff and collective might have been able to earn commissions or bonuses, they did not have the opportunity to have a loss, thus showing they were not independent contractors.

3) The relative investments in facilities and equipment by the worker and the

employer

> Here Plaintiff and collective made/make no investment other than their time and efforts and use of their cars, while Defendant has made large investments.

4) The worker's skill and initiative.

   a. Here the Plaintiff and class "skills" were easily learned, Plaintiff training was a few weeks of watching and helping on installations, no specialized skill or initiative was required.

5) The permanency of the worker's relationship with the employer.

   a. While some members of the class were short time workers, many worked

      for months or years.

   b. Plaintiff himself worked for Defendants for over a year.

6) The nature and degree of control by the employer

> Here Defendants have excreted strong and consistent control of employees, including: requiring particular hours of work and scheduling hours of work.

### The FLSA Collective Action

57.     Plaintiff brings claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all "independent contractors" and/or employees of ATEKI who were, are, or will be employed by ATEKI during the period of three (3) years prior to the date of commencement of this action through the date of judgment in this action, who were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week and or for minimum wages owed for all hours worked.

58.     FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiff, since the FLSA claims of the Plaintiff is similar to the FLSA claims of all persons employed by ATEKI.

59.     Defendant is liable for improperly compensating Plaintiff and FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of ATEKI who have been denied the overtime premium FLSA. These current, former and future employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

60.     Plaintiff and all other members of the proposed collective class have suffered injury, incurred damages and significant financial loss as a result of Defendant's conduct complained of herein.

61.     Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated sales persons improperly classified as independent contractors at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

(A)     minimum wages for the first forty (40) hours worked each week;

(B)     overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week;

(C)     improper and/or insufficient taxation effects due to the misclassification, such as employees paying higher rates of taxes and/or Defendants not paying sufficient taxes.

(D)     liquidated damages and attorney's fees for the same

62.     Plaintiffs is unable to state the exact number of the class but believes that the class exceeds 20 persons.

63.     Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

64.     The names and physical and mailing addresses of the FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the FLSA collective action Plaintiffs via first class mail to their last known physical and

mailing addresses as soon as possible.

65.        The email addresses of many of the FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the FLSA collective action Plaintiffs via email to their last known email address as soon as possible.

66.        Notice of the right to join this lawsuit should be posted conspicuously at Defendant's business in a manner consistent with the orders of this Court. Notice should also be posted on a website hosted by Plaintiffs' counsel.

67.        The claimed damages, inclusive of potential opt-in class members, exceed $300,000.00.

68.        Plaintiff asserts that other current and former installation/service workers are similarly situated in that they are and/or were subject to Defendant's same and continuing policy and practice of intentionally misclassifying installation and service workers as independent contractors, as opposed to employees, and were not paid the minimum and overtime wages required under the FLSA, and whose tips were unlawfully exacted by Defendant.

69.        Because the employer never paid unemployment taxes, misclassified employees often do not receive unemployment compensation, thus Plaintiff and class claim as damages unemployment payments improperly denied to the class .

70.        Misclassified employees, Plaintiff and class, must pay the employer's share of federal employment taxes, this is also claimed as an additional element of damages.

### **FIRST CLAIM FOR RELIEF**

### **(Individual Claims for Violation of FLSA**

### **Against all Defendants**

71.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

72.     Defendants intentionally failed to pay Plaintiff overtime wages as required under the FLSA.

73.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

74.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs initial complaint, plus periods of equitable tolling.

75.     Plaintiff names the individual Defendant as alleged elsewhere in this complaint, incorporated herein.

## SECOND CLAIM FOR RELIEF

### (Individual Claims for Violation of IMWL)

#### Against all Defendants

76.     Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

77.     Defendants intentionally failed to pay Plaintiffs overtime wages as required under the IMWL.

78.     Defendants' conduct and practice, as described above, are and/or were willful, intentional, unreasonable, arbitrary and in bad faith.

79.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages (including mileage repayment), liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees provided by the

IMWL.

80.     Plaintiff names the individual Defendant as alleged elsewhere in this complaint, incorporated herein.

### THIRD CLAIM FOR RELIEF

### (Collective Action Claim for Violation of FLSA by Plaintiff and all those similarly situated class members)

**Against all Defendants**

81.     Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

82.     Defendants intentionally failed to pay Plaintiff and all other installation and service workers overtime wages required under the FLSA.

83.     Defendant's conduct and practice, as described above, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

84     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and similarly situated members of the class for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

85     Plaintiff names the individual Defendant as alleged elsewhere in this complaint, incorporated herein

### PRAYER FOR RELIEF

WHEREFORE,    premises    considered,    Plaintiff, individually and on behalf of others similarly situated, respectfully prays that each Defendant be summoned to appear and answer herein; for orders as follows:

(A)    Certification of and notice to the proposed collective class;

(B)    For an order of this Honorable Court entering judgment in

Plaintiffs' favor against each Defendant, jointly and severally;

(C)     That the Court award Plaintiffs' and others similarly situated their actual economic damages in an amount to be determined at trial, but in any event an amount not less than that which would compensate them for unpaid back wages including repayment for business use of personal cars (Mileage);

(D)     A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, <u>et sea</u>., and attendant regulations at 29 C.F.R. §516 et sea..;

(E)     A declaratory judgment that Defendant's
        practices alleged herein violate the Illinois Minimum Act,

(F)     Judgment for damages for all unpaid regular wages and overtime
        compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et
        seq.,* and attendant regulations at 29 C.F.R. §516 et sea.:

(G)     Judgment for damages for all unpaid regular wages and overtime
        compensation under the Illinois Minimum Wage Law, and attendant
        regulations;

(H) Judgment for liquidated damages pursuant to the Fair Labor
Standards Act, 29 US.C. §201, *et seq* in an amount equal to all unpaid
regular wages and overtime compensation owed to Plaintiffs and
members of the Classes during the applicable statutory period;

(I) Judgment for liquidated damages pursuant to the Illinois Minimum
Wage Law,. and attendant regulations;

(J) Judgment for any and all civil penalties to which Plaintiffs' and all
other similarly situated employees may be entitled;

(K) For an equitable tolling of the statutes of limitations due to violations
of applicable laws by Defendant;

(L) An order directing Defendant to pay Plaintiff and members of the
Class prejudgment interest, reasonable attorney's fees and all costs
connected with this action; and

(M) Such other and further relief as this Court may deem necessary, just
and proper.

## FOURTH CLAIM FOR RELIEF
### IWPCA CLAIMS
### Individual claims for Plaintiff

105.     Plaintiff hereby re-alleges and incorporates

by reference the preceding paragraphs as if they were

set forth again herein.

106.     Plaintiff also presents individual and Class claims

under the Illinois Wage Payment and Collection Act (IWPCA).

107.     Defendant misclassified the Plaintiffs and all others

similarly situated as independent contractors, when they were actually employees under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Com. Stat. 115/2.

108.     The IWPCA creates a presumption that the Plaintiffs are employees, and to rebut that presumption Defendant bears the burden of establishing each of three specific criteria set forth in the IWPCA to rebut that presumption. Specifically, Defendant must establish that 1) the Plaintiff was free from Defendant's control; 2) the Plaintiff perform work outside Defendant's usual course of business or outside all the places of the business of Defendant; and 3) the Plaintiff engaged in an independently established business. 820 Ill. Comp. Stat. 115/2.

109.     The Illinois Supreme Court has recognized that "the three statutory requirements for independent contractor status … are comprised of legal terms and concepts…." AFM Messenger Svc., Inc. v. Dept. of Employ. Sec., 198 Ill.2d 380, 392 (2001).

110.      The three prong test is conjunctive, if an employer can not satisify each and all of the prongs, then the person must be classified as an Employee for purposes of the IWPCA.

105.     Plaintiff was employed by Defendants as an independent contractor, but should have been paid and employed as an employee.

106.    Plaintiff and Class brings their claims for relief pursuant to the IWPCA for the period of five years (for oral contracts) and/or ten years (for written contracts) prior to the filing of this complaint.

107.    Plaintiffs' employment was in the usual course of business for which such service is performed.

108.    Plaintiff does not possess a proprietary interest in the Defendant.

109.    The Defendant is an "employer" under the terms of the IWPCA section 2.

110.    In accordance with IWPCA, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation". Individual Defendant is named as a Defendant under this provision of the IWCPA.

111.    Specifically Defendants repeatedly failed to pay wages Plaintiffs earned based on the parties IWPCA Agreements to pay all work hours and/or to pay Plaintiff and class at a set rate of pay for all hours worked.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff prays for the following relief:

A.     Unpaid regular wages, including repayment of business expenses such as use of personal car;

B.     Attorneys' fees and costs;

C.     Unpaid wages and liquidated damages pursuant to IWPCA and the supporting Illinois Department of Labor regulations;

D.     Consequential damages;

I.     Additional compensation/penalty due to the Plaintiff in accordance with Section 14(b) of the IWPCA in the amount of 2% per day.

J.     L.     and costs of this action; and

L.     Such other relief as this Court shall deem just and proper.


**Respectfully Submitted by __/S/John C. Ireland**
**The Law Office of John C. Ireland**
**636 Spruce Street South Elgin ILL 60177**
**630-464-9675**
**Fax 630-206-0889**
**Attorneyireland@gmail.com**

**Dated: October 2, 2020**